IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ROBERT THOMAS**                                                                               **PETITIONER**

v.                                                                                             No. 4:12CV124-B-V

**E. L. SPARKMAN, ET AL.**                                                   **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Robert Thomas for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be **DISMISSED** with prejudice as untimely filed under 28 U.S.C. § 2244(d).

**Facts and Procedural Posture**

On January 30, 1997, the Circuit Court of Coahoma County, Mississippi, entered judgment against the petitioner, as a habitual offender, for two counts of aggravated assault; the court sentenced the petitioner to serve 20 years in the custody of the Mississippi Department of Corrections on each count, to be served consecutively. Thomas did not appeal the judgment. The petitioner filed the instant federal petition for a writ of *habeas corpus* on December 17, 2012. He filed a motion to seek an out-of-time appeal in the Coahoma County Circuit Court on October 15, 1999. The court treated the motion as one seeking post-conviction collateral relief and dismissed the motion on procedural grounds. Thomas filed a second motion for out-of-time appeal on August 9, 2002, which the court dismissed as untimely filed and for procedural deficiencies. He then filed a petition for writ of mandamus to the Mississippi Supreme Court on September 5,

2002, which the court denied on October 28, 2002. He filed a motion for post-conviction collateral relief in the Coahoma Circuit Court on November 23, 2010, which the court held as untimely filed, successive, and without merit. Thomas sought an appeal of that decision in the Mississippi Supreme Court, which referred the matter to the Mississippi Court of Appeals. The Court of Appeals upheld the dismissal. *Thomas v. State*, 99 So.3d 1169 (Miss. Ct. App. 2012), *reh'g denied* July 17, 2012, *cert. denied* October 25, 2012 (Cause No. 2010-CP-02037-COA).

## Discussion

The petitioner's conviction became final on March 1, 1997, thirty days after he was sentenced (the time allotted under state law to seek an appeal). *Acker v. State*, 797 So.2d 966 (Miss. 2001), MISS. R. APP. P. 4. Therefore, the deadline for the petitioner to submit a properly filed state application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) – and thus to toll the federal one-year statute of limitations – was March 2, 1998.[1] *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). The petitioner did not meet the deadline as all of his state post-conviction relief motions were filed after that deadline expired. The petitioner thus did not enjoy the benefit of statutory tolling.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was thus filed in December 2012, more than 14 years after the March 2, 1998, federal *habeas corpus* deadline.

---

[1] The deadline was extended a day because March 1, 1998, fell on a Sunday.

**Equitable Tolling**

In his response to the State's motion to dismiss, Thomas appears to argue that the federal statute of limitations should be tolled because he is actually innocent of being a habitual offender under Mississippi law – and is thus not subject to the enhanced sentence he received. It does not, however, appear that Thomas pursued this claim diligently, as he did not file an appeal of his conviction, and his first motion for state post-conviction relief was filed more than a year after his conviction became final. He failure to pursue relief diligently precludes him from the use of equitable tolling to extend the deadline for federal *habeas corpus* relief. *Melancon v. Kaylo,* 259 F.3d 401 (5th Cir. 2001) (finding failure to pursue relief diligently based upon a four-month delay). Neither does Thomas does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition will therefore be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 17th day of May, 2013.

/s/ Neal B. Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE